UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 23-10053-DJC

UNITED STATES OF AMERICA

v.

REY DAVID FULCAR

## ORDER ON GOVERNMENT'S MOTION FOR DETENTION

March 10, 2023

Boal, M.J.

The defendant, Rey David Fulcar, is charged in an indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1).  An initial appearance was held on March 3, 2023, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act), 3142(f)(1)(E) (defendant is charged with a felony that is not otherwise a crime of violence that involves the possession or use of a firearm), and 3142(f)(2)(A) (serious risk of flight).

I held a detention hearing on March 8, 2023, at which the government called ATF Special Agent Patrick Briody and introduced five exhibits into evidence.  Defense counsel cross-examined Special Agent Briody.  After careful consideration of the evidence, the defendant's memorandum in support of release on conditions, the parties' arguments at the hearing, and a Pretrial Services report recommending detention, I order Fulcar detained pending trial.

1

I.       **ANALYSIS**

    A.       **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight.  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991).  If there is some risk, the court should consider whether a combination of release conditions "will serve as a reasonable guard."  Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release.  18 U.S.C. § 3142(g).  Each of these factors must be weighed, and the decision on whether to release is an individualized one.  Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  Where, as here, there is probable cause to believe that the defendant committed a controlled substance offense with a maximum term of imprisonment of ten years or more, a "rebuttable presumption" of danger arises.  18 U.S.C. § 3142(e).  The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community.  United States v. Jessup, 757 F.2d 378, 384 (1st Cir.

1985), abrogated on other grounds by, United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Without credible evidence to rebut the presumption, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the Government. Jessup, 757 F.2d at 381.

### B. Nature Of The Offense

The government alleges that, on or about July 23, 2022, Fulcar was observed by police engaging in a suspected drug transaction. He was arrested by Boston police officers, who recovered bags containing narcotics from Fulcar and his vehicle. A subsequent search of Fulcar's residence yielded additional narcotics as well as a Ruger, model LCP, .380 auto caliber, semi-automatic pistol and ammunition.

### C. Defendant's History And Characteristics

Fulcar, age 37, was born in Boston, Massachusetts. He works as a butcher and, at the time of his arrest, was in training to be a state-licensed butcher and manager. The defendant reported that he can return to his job if released.

Fulcar has a lengthy criminal history, including convictions for armed assault with intent to murder, assault and battery with a dangerous weapon, carrying a loaded firearm, possession of a firearm without permit, and assault and battery on a police officer. He was named in three abuse prevention orders.

### D. Risk Of Flight

Fulcar is a lifelong resident of Massachusetts. He has no children. He lives with his girlfriend. His mother is deceased. His father and siblings live in Massachusetts and he has regular contact with them.

Currently, Fulcar has no passport. He reported past travel to the Dominican Republic.

Fulcar allegedly committed the instant offense while on pretrial release on a state charges.

### E.     Dangerousness

The instant offense involves the illegal possession of a firearm and narcotics trafficking, which is encompassed within Congress' definition of danger to the community. United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985). In addition, as noted above, Fulcar's criminal history shows prior convictions involving violent conduct as well as several abuse prevention orders.

### F.     Assessment Of All Factors

Fulcar proposes to be released to live with his girlfriend on conditions including a curfew with GPS monitoring. However, after carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, this Court finds that the government has met its burden regarding detention. Fulcar is a lifelong resident of Massachusetts with strong ties to the community and a history of steady employment. However, the instant offense involving the illegal possession of a firearm, as well as Fulcar's past criminal history, support a finding that he presents a danger to the community that cannot be reasonably mitigated with conditions. Accordingly, I find that no condition or combination of conditions will reasonably assure the safety of the community.

### ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Rey David Fulcar be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or

serving sentences or being held in custody pending appeal;

(2) Rey David Fulcar be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Rey David Fulcar is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

      /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge