**Rey David Fulcar**
Fed No 47135-510
Donald Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

IN CLERK'S OFFICE

2023 NOV -6 PM 4: 07

October 30, 2023

Hon. Denise Casper, USDJ
Hon. Marianne B. Bowler, USMJ
United States District Court
One Courthouse Way
Boston, MA 02210

*Re: United States v. Rey David Fulcar, Case No. 23-cr-10053-DJC*

Dear Judge Casper and Judge Bowler:

  I'm addressing this letter to both Your Honors because I am not 100 percent sure who I should address it to. I am also sending this to Mr. Spencer so he is aware of my position and to ensure he get's this to you along with his communication he told me he would be sending, just in case my mail does not reach Your Honors for any reason. This letter is concerning the issue with counsel. Since the video hearing a couple weeks ago, Mr. Spencer has visited twice with written Affidavits both of which I was reluctant to sign because both misrepresented the truth of what is going on and why I and Mr. Spencer are not able to see eye to eye or agree on my defense. I want to pursue all options and exercise all of my rights and that includes the filing of certain pre-trial motions I would like to have heard, and I truly belive need to be heard as Your Honors have not had all relevant facts put before you and certain matters that are incorrect, such as a particular drug type and quantity, have not yet been corrected even though the lab reports have been available for several months. That issue alone warrants a reconsideration of bail as both of Your Honors relied on a drug type and quantity that is not present but that has never been corrected to either of you despite my numerous requests that Mr. Gordon do so. I do not want to get too far into attorney-client communications so I will stop there but there are additional, very important fact issues in the Fourth Amendment context that haven't been addressed in the motion to suppress that counsel did file, and that needs to be pursued via a separate filing as I wholeheartedly believe needs to be put before Your Honors as the issue is supported with video recorded evidence and caselaw.

  In addition, while researching some issues I stumbled on to a recent decision from the court of appeals that relates to Mr. Spencer potentially wanting to curry favor with the same U.S. Attorney's Office prosecuting me due to him potentially crossing the line into committing a criminal offense while representing someone and the court of appeals remanded for a hearing to determine if such amounts to a conflict of interest. That case is, ***United States v. Daniells*, 2023 U.S. App. LEXIS 22089 (1st Cir. 8/22/23)("But the critical question is whether Spencer may have had an incentive to pursue Daniells's defense less vigorously than Spencer would have if Spencer had no reason to avoid provok[ing] the government into action against him. and with respect to that question we fail to see a basis for concluding that Spencer had no such incentive given that the government does not contest the basis for concluding that Spencer was implicated in the**

**conduct that the government itself was investigating.").** The government referred to there is the same U.S. Attorney's Office prosecuting me in this case.

After several conversations with Mr. Spencer as far as release on bond, evidence, case law and exposure per a plea, we absolutely cannot find any common ground. I am not trying to be difficult nor am I trying to extend this case any longer than necessary as I obviously have an interest in getting to a resolution as soon as possible in light of the adverse conditions I am being detained under. I simply believe that upon Mr. Spencer learning who I believe the informant in this case is and his admission to representing that person in a state case, Mr. Spencer has either verified that person is in fact the informant, meaning he has an actual conflict, or he is acting willfully blind (and not investigating the issue as he should have) on the issue to guard himself from an additional layer of conflict that I believe he already has per the First Circuit's decision quoted above. In either situation my best interests are not being considered or protected by Mr. Spencer. I am not capable of representing myself so that is not an option so in light of all the foregoing I am respectfully asking that Your Honors work with me one more time to find a lawyer who will actually respect my rights and assist me in fairly pursuing any issues that have merit. Again, I am not being difficult and I do think if a reasonable attorney is appointed that we will have a better experience than Mr. Spencer and I. Please bear in mind that the initial change of counsel was not my doing. I agreed to former counsel's position in her needing to withdraw because of her heavy caseload that she said would result in my case being pushed off for about a year before she could give my case the attention it needs. So please don't hold this against me, I just want to be treated fairly. Thank you for your consideration.

Respectfully,

*Rey David Fulcar*

**Rey David Fulcar**

Cc: Attorney Gordon Spencer